# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,<br>    *Plaintiff*,<br><br>    v.<br><br>LPC RODI,<br>    *Defendant*. | No. 3:19-cv-1866 (VAB) |

**RULING AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

At the time that Dashante Scott Jones ("Plaintiff") filed the Complaint *pro se* against "Ms. Rodi LPC," he resided in Hartford, Connecticut. *See* Compl., ECF No. 1 at 1 (Nov. 22, 2019). He is currently confined at New Haven Correctional Center in New Haven, Connecticut. Notice, ECF No. 6 (Jan. 2, 2020).

Mr. Jones has filed a motion for a temporary restraining order to prevent staff at New Haven Correctional Center from retaliating against him for filing this and other lawsuits. Mot. for Temporary Restraining Order, ECF No. 8 at 1-2 (Jan. 21, 2020) ("Mot.").

For the reasons stated below, this motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint includes allegations relating to events that occurred during Mr. Jones's prior confinement at Garner Correctional Institution ("Garner").

On February 1, 2019, Ms. Rodi, a mental health staff member at Garner, allegedly issued Mr. Jones a disciplinary report for indecent exposure. Compl. at 1, 3.

On February 6, 2019, a disciplinary hearing officer allegedly dismissed the charge of indecent exposure based on video footage of the alleged incident from which the charge stemmed. *Id.* at 3, 6-7.

On April 12, 2019, Ms. Rodi allegedly issued Mr. Jones a second disciplinary report for indecent exposure. *Id.* at 3. A hearing was allegedly held to address this disciplinary report, but the outcome of the hearing is unclear. *See id.*

During one or both incidents involving Ms. Rodi's alleged interaction with Mr. Jones, Ms. Rodi allegedly made sexual comments regarding Mr. Jones's genitals. *Id.* Mr. Jones allegedly suffered humiliation, embarrassment, and emotional distress due to Ms. Rodi's comments and false allegations. *Id.* at 3, 5.

On November 22, 2019, Mr. Jones filed this lawsuit, and asserted the following claims against Ms. Rodi: sexual harassment under the Eighth and Fourteenth Amendments; retaliation under the First Amendment; violation of his rights under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601; as well as two state law claims. Compl. at 3, 10. As relief, Mr. Jones seeks monetary damages. *Id.* at 10.

On January 2, 2020, Mr. Jones filed a notice of change of address indicating he was now incarcerated at New Haven Correctional Center. Notice, ECF No. 6.

On January 21, 2020, Mr. Jones filed the pending motion for a temporary restraining order. Mot.

## II.     DISCUSSION

In the Second Circuit, a single standard is used to evaluate a request for preliminary injunction and an application for temporary restraining order . *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). For either type of relief, Plaintiff must demonstrate that he will suffer irreparable harm if the relief is not granted and meet "one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits

of its claim to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.") *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief unless the movant shows "a clear or substantial likelihood of success on the merits[,] … a strong showing of irreparable harm … [and] that the preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (citations and internal quotation marks omitted).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *McMillian v. Konecny*, No. 9:15-CV-0241 (lead case), 2017 WL 3891692, at *1 (N.D.N.Y. Sept. 6, 2017) (citations and internal quotation marks omitted). In addition, the requested injunctive relief must relate to the claims in the complaint. *See DeBeers Consol. Mines, Ltd., v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); *see also Oliphant v. Quiros*, 2011 EL 2180780, at *1 (D. Conn. May 19, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, a district court may issue a temporary restraining order "if specific facts in an affidavit or a verified complaint clearly show

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Thus, the "[t]he purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (internal quotation marks and citations omitted). The motion for temporary restraining order is not sworn or verified under penalty of perjury. The Complaint is verified under penalty of perjury but does not include allegations demonstrating that Mr. Jones would be subject to immediate or irreparable injury if the temporary restraining order were not granted, nor does Mr. Jones assert that he made any efforts to give notice to Ms. Rodi regarding the filing of this motion or the relief sought.

Mr. Jones alleges that as of the end of December 2019, he was confined at New Haven Correctional Center.[1] Mot. at 1.

At some point prior to January 14, 2020, he filed a grievance against a mental health provider named Dr. Fletcher, because Fletcher had allegedly refused or failed to provide him with medication. *Id.*

On January 14, 2020, Dr. Fletcher allegedly mentioned that he was aware of the prior lawsuits filed by Mr. Jones against Department of Correction employees and threatened to place Mr. Jones on behavior observation status for filing a grievance against him. *Id.* Mr. Jones does

---

[1] The State of Connecticut Department of Correction's website reflects that Mr. Jones' latest date of admission to the Department of Correction was December 5, 2019. This information may be found at http://portal.ct.gov/DOC using Mr. Jones's CT DOC Inmate Number 267451. The State of Connecticut's Judicial Branch website reflects that New Haven police officers arrested Mr. Jones on December 5, 2019, and that the State of Connecticut has charged Mr. Jones with committing four criminal offenses. This information may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Criminal/Motor Vehicle; Convictions - by Docket Number using N23N-CR19-0225585-S.

4

not allege that Dr. Fletcher followed through on the threat to place him on behavior observation status.

During a tour of Mr. Jones's housing unit at New Haven Correctional at the end of December 2019 or early January 2020, "Warden Erfe," who was named in a prior lawsuit of Mr. Jones's,[2] allegedly issued a verbal warning that he would be keeping an eye on Mr. Jones. *Id.* Scott Erfe allegedly said to Mr. Jones, "you'll get what you got coming." *Id.* Scott Erfe, however, is not the warden at New Haven Correctional Center. *See* https://portal.ct.gove/DOC/Facility/New-Haven-CC.

Mr. Jones alleges that he is "known" by the Department of Correction as an inmate who "fights for [his] rights" by filing lawsuits and that he "would not be surprised if" Department of Correction officials already had held a meeting about him and were "already planning ways to stop [him] from using the almighty pen of litigation." Mot. at 2. Mr. Jones seeks an order directing Department of Correction officials at New Haven Correctional Center, including mental health providers, to refrain from retaliating against him. *Id.* at 1. Mr. Jones acknowledges, however, that it may be premature to seek injunctive relief. *Id.*

As indicated above, the Complaint names one defendant, Ms. Rodi, a mental health staff member who worked at Garner and allegedly issued disciplinary reports charging Mr. Jones with having exposed himself in an indecent manner in January 2019 and in April 2019. Mr. Jones filed the Complaint after he had been released from his prior incarceration and the Complaint does not include a request for injunctive relief. Mr. Jones does not allege the involvement of Defendant Rodi in any of the incidents that he describes in his motion as having occurred at New

---

[2] A docket entry in *Jones v. Forbes, et al.*, No. 3:15-cv-613 (VAB), reflects that on June 20, 2019, the Court ordered the case to be closed based on the parties' report that the case had been settled, and the case remains closed. Order,

5

Haven Correctional Center. The request for injunctive relief pertaining to alleged threatening statements made by individuals during Mr. Jones' confinement at New Haven Correctional Center in late December 2019 and early January 2020 is not related to the allegations or relief sought in the Complaint.

To the extent that Mr. Jones seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2) (providing that an order granting an injunction or restraining order binds only a nonparty who receives actual notice of the order and who is an "officer, agent, servant, employee, or attorney" of a party or "who [is] in active concert or participation with" a party or the officer, agent, servant, employee, or attorney of a party, to whom the injunction or restraining order applies); *Sumpter v. Skiff*, 260 F. App'x 350, 351 (2d Cir. 2008) ("The district court did not exceed its allowable discretion in denying Sumpter's application for injunctive relief. . . . [because] [t]he New York State Division of Parole . . . , to which Sumpter's motion was directed, was not named as a defendant in the underlying action and does not fall within any of the exceptions listed in Rule 65(d)."); *Abrams v. Waters*, No. 3:17-cv-1659 (CSH), 2018 WL 1469057, at *6–7 (D. Conn. Mar. 26, 2018) (court lacked personal jurisdiction to enter permanent injunction against warden of correctional facility who was not defendant, had no involvement in underlying claims, and did not fit within limited group of individuals described in Fed. R. Civ. P. 65(d)(2) against whom injunctive relief may be ordered).

Furthermore, it would be inappropriate for the Court to grant a request for injunctive relief that is unrelated to the claim and the Defendant named in this Complaint. *See De Beers*

---

No. 3:15-cv-613 (VAB), ECF No. 222 (June 20, 2019). The case remains closed.

*Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (noting that a preliminary injunction is appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Ramos v. Univ. of Connecticut Health Ctr.*, No. 3:17-cv-326 (VAB), 2018 WL 2465356, at *7 (D. Conn. June 1, 2018) (denying request for injunctive relief seeking free copies of documents because request was unrelated to medical care claim asserted in amended complaint); *Mitchell v. N.Y. State Dep't of Corr. Servs.*, No. 06-cv-6278 CJS, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief were unrelated to the underlying facts of the claims in the action, except for the fact that they arose in the prison context); *Taylor v. Rowland*, No. 3: 02-cv-229 (DJS) (TPS), 2004 WL 231453, at *2–3 (D. Conn. Feb. 2, 2004) (noting that "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint" and denying motion seeking injunctive relief because the relief sought [access to his legal case files and the opportunity to make seven legal calls per month] was "unrelated to this action" (citation omitted).

Finally, Mr. Jones has not alleged facts to suggest that he would be irreparably harmed if the Court did not grant his request for a temporary restraining order. There are no facts to suggest that the action allegedly threatened by Dr. Fletcher – placement of Mr. Jones on behavior observation status – might irreparably harm Mr. Jones. Furthermore, Mr. Jones's allegation regarding a statement made by Scott Erfe, who is not the warden at New Haven Correctional Center, that he would be monitoring him does not in and of itself constitute evidence that Mr. Jones is in danger of suffering imminent or irreparable harm.

Accordingly, for all the reasons set forth above, the motion for temporary restraining order is denied.

## III. CONCLUSION

For the reasons explained above, Mr. Jones's motion for a temporary restraining order is **DENIED**.

   **SO ORDERED** at Bridgeport, Connecticut, this 14th day of February, 2020.

                                              /s/ Victor A. Bolden

                                              VICTOR A. BOLDEN
                                              UNITED STATES DISTRICT JUDGE